*843 OPINION.
Trammell:
The question presented is whether the petitioner is entitled to a deduction on account of the shrinkage in value of securities which it had on hand at the end of the taxable year.
It claims a deduction upon the ground that it was a dealer in securities and that it comes within the scope of article 1585, Regulations 45, as amended by T, D. 3296, C. B. 1-1, p. 40, which provides as follows:
A dealer in securities, who in his books of account regularly inventories unsold securities on hand either (a) at cost or (6) at cost or market, whichever is lower, or (c) at market value, may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years, unless another be authorized by the Commissioner. For the purpose of this rule a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purpose of resale and not for investment. Taxpayers who buy and sell or hold securities for investment or speculation, and not in the course of an established business, and officers of corporations and members of partnerships, who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule. * * *
The above article of the Regulations is based upon section 203 of the Revenue Act of 1918, which provides as follows:
That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.
The above article, in our opinion, in so far as it is pertinent to the issue now before us, is consistent with and reasonably adapted *844 to carrying out the provisions of the statute. A dealer in securities, who has securities on hand at the end of the year, is, in our opinion, as much entitled to inventory them, and an inventory thereof is just as necessary clearly to determine the income, as is a dealer in merchandise, strictly speaking. To such a dealer securities are his merchandise. The question now is whether the petitioner was a dealer in securities.
The petitioner alleged in its petition that it operated a stock and bond department, but at the hearing no testimony was introduced on this point.
It was also alleged in the petition that petitioner owned a share of stock in the New Orleans Stock Exchange, but the testimony was to the effect that the share of stock was owned by the vice president, who was not a member of the New Orleans Stock Exchange, and that the ownership vested no trading privileges in the owner.
In support of its contention that it was a dealer in securities, the petitioner showed that during the year 1917 it made three sales of corporate and municipal bonds to its depositors, two of which sales were made on the same date to the same individual. Six days later the other sale was made. During 1918 the petitioner made sales of corporate and municipal bonds to two of its depositors. The sales to one of them were made in the months of April, May and July, while the other sale was made in the month of November to another depositor. The testimony does not show whether the bank received a commission on these sales, or what profit, if any, it made on them. Neither is it shown that these transactions were not made by the bank as an accommodation to its depositors.
During 1917 and 1918 the petitioner, in common with other banks of the country and with dealers in securities, out of patriotic motives handled a large volume of Liberty bonds. Such patriotic services precluded charging or allowing commissions on these transactions. These services do not, in our opinion, indicate that the petitioner was a dealer in such securities.
Petitioner’s holdings and dealings in corporate bonds and stocks and municipal bonds were recorded in the “Stocks and Bonds” account. Petitioner has made no attempt to separate its securities into classes such as those purchased for investment and those purchased and held for resale.
In Schedule A (3) accompanying petitioner’s return, its income “ From Exchange ” is shown as $13,059.39, but since the exchange on drafts and exchange on collections were also carried to petitioner’s “Exchange” account, we have no way of knowing what part, if any, of the $13,059.39 represents commissions or profits on transactions in securities bought for sale.
*845 From tbe evidence we are of tbe opinion that tbe infrequent and isolated transactions in corporate and municipal bonds with tbe depositors of petitioner are not sufficient to constitute petitioner a dealer in securities.
Judgment will be entered on 15 days' notice, under Rule 50.